# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILLIE LAWRENCE NELOMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-196 |
| | ) |
| CHATHAM COUNTY SHERIFF COMPLEX, SHERIFF AL ST. LAWRENCE, CHATHAM COUNTY JAIL MEDICAL COMPLEX-DIRECTOR OF MEDICAL CONNIE MILES, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Willie Lawrence Neloms, a three-striker under 28 U.S.C. § 1915(g), see *Neloms v. St. Lawrence*, No. CV410-223, doc. 3 (S.D. Ga. Apr. 22, 2011), has submitted for filing a 42 U.S.C. § 1983 complaint alleging that the defendants are responsible for his contraction of tuberculosis more than two years ago, which is outside of the applicable statute of limitations. (Doc. 1 at 5); see *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983

claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Since plaintiff is barred from proceeding *in forma pauperis*, and since his claim was filed outside of the applicable limitation period, his complaint should be **DISMISSED**.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status

2

but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Given the size of the § 1915(g) "strike zone," *see Buckle v. Daniels*, 2010 WL 1838073 at * 2-4 (S.D.Fla. Apr. 7, 2010) (collecting cases establishing a wide range), plaintiff has struck out. *See Neloms v. St. Lawrence,* No. CV401-076, doc. 10 (S.D. Ga. Jul. 14, 2010) (judgment dismissing case for failing to comply with court's IFP directive); *Neloms v. St. Lawrence,* No. CV401-022, doc. 13 (S.D. Ga. Mar. 23, 2010) (judgment dismissing case for lying to this Court about IFP matters); *Neloms v. St. Lawrence,* No. CV401-088, doc. 9 (S.D. Ga. May 26, 2010) (judgment dismissing case for filing a "line-for-line" duplication of CV401-076). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

In order to fit within the "imminent danger" exception, Neloms must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th

Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Here, Neloms raises a conditions claim against the Chatham County jail, where he is no longer detained. (Doc. 1 at 5.) He pleads no imminent harm.

Because Neloms is three-strikes barred, his complaint (doc. 1) should be **DISMISSED**, and since his claim is barred under the applicable statute of limitations, that dismissal should be **WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 22nd day of October, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA